Filed 9/16/21  P. v. Bernal CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307506 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA125356) |
| v. | |
| NICANDRO CORTEZ BERNAL, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Appellant. | NO CHANGE IN THE JUDGMENT |

THE COURT:

It is ordered that the opinion filed on September 2, 2021, be modified as follows:

1. On page 5, after the sentence ending in "provocative act doctrine," add the following footnote:

> 2    In a petition for rehearing, defendant argues that the provocative act doctrine was *not* the sole theory presented to the jury because (1) the jury was instructed on the definition of implied malice in CALCRIM No. 520, and that definition uses the words "natural and probable consequences," and (2) the jury was instructed on the concept of transferred intent under CALCRIM No. 562. These arguments lack merit factually and legally. Factually, these arguments ignore that both lawyers at trial "agreed" that the sole theory of liability was the provocative act theory and that the prosecutor's closing argument stuck to that understanding. Legally, these arguments are wrong. It is well settled that "[t]he 'natural [and probable] consequences' language in the instruction for [implied malice] murder does not transform [a defendant's] conviction into one for murder under the natural and probable consequences doctrine within the meaning of section 1170.95." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1059, review granted Sept. 23., 2020, S263939.) The transferred intent instruction still requires proof that the defendant personally acted with malice, and section 1170.95 does not disturb convictions resting on findings of personal malice. (§§ 1170.95, subd. (a)(3); 188, subd. (a)(3).)

*       *       *

There is no change in the judgment.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.

Filed 9/2/21  P. v. Bernal CA2/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NICANDRO CORTEZ BERNAL,<br><br>Defendant and Appellant. | B307506<br><br>(Los Angeles County<br>Super. Ct. No. TA125356) |

APPEAL from an order of the Los Angeles Superior Court, Kelvin D. Filer, Judge.  Affirmed.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Nicandro Cortez Bernal (defendant) argues that the trial court erred in summarily denying his petition for resentencing under Penal Code section 1170.95.[1]  There was no prejudicial error, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts

"Defendant and his 15-year-old nephew visited a taco stand.  They exchanged words and punches with Juan Medina ("Medina"), one of the stand's employees, but eventually left.  They later returned, but this time [d]efendant brought a shotgun and his nephew brought a knife.  Medina had since tucked a BB gun into his apron.  Upon arriving, [d]efendant drew his shotgun, Medina fled, and [d]efendant shot him in the back.  An unknown shooter shot [d]efendant's nephew in the chest . . . .  Medina lived; the nephew did not."  (*People v. Bernal* (Oct. 16, 2014, B251438 [nonpub. opn.]).)

### II.    Procedural Background

#### A.    *Underlying conviction, sentence, and appeal*

"The People charged defendant with (1) the attempted murder of Medina (§§ 664, 187)[,] and (2) the murder of the nephew, on the theory that [d]efendant's provocative act of shooting at Medina set in motion the chain of events resulting in

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

2

the nephew's death ([§ 187]).  The jury found [that] [d]efendant's acts were not premeditated, and accordingly found him guilty of the attempted (but not premeditated) murder of Medina, and the second (but not first) degree murder of the nephew.  The court imposed a sentence of 35 years to life on the second degree murder charge, based on 15 years for the murder plus 20 years for a firearm enhancement.  The court stayed the attempted murder sentence under section 654." (*Ibid.*, fn. omitted.)  We affirmed in an unpublished decision.  (*Id.* at p. 6.)

### B. *Petition for resentencing*

In February 2020, defendant filed a form petition to vacate his second degree murder conviction and for resentencing under section 1170.95.  After receiving an unsolicited opposition to the petition from the People, the trial court summarily denied the petition.  Relying upon the record of conviction as well as its own "vivid recall" of the trial of this case, the court enumerated several reasons for concluding that defendant was ineligible for relief under section 1170.95 as a matter of law, including that (1) defendant's murder conviction rested on the provocative act murder theory, and (2) defendant was a "major participant" in the melee who "acted with reckless indifference to human life."

Defendant filed this timely appeal.

### DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition.  Because our consideration of this argument involves questions of law and the application of that law to undisputed facts, our review is de novo.  (*Tsasu LLC v. U.S Bank Trust, N.A.* (2021) 62 Cal.App.5th 704, 715.)

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was

3

filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of . . . second degree murder," and (3) he "could not be convicted of . . . second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).)

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court held that if a defendant files a facially compliant petition and requests the appointment of counsel, the trial court must appoint counsel and entertain further briefing regardless of whether the record of conviction unequivocally demonstrates that the defendant is not entitled to relief. (*Id.* at p. 964.)

Here, defendant's petition was facially compliant and he requested counsel. Thus, *Lewis* dictates the conclusion that the trial court erred in summarily denying defendant's petition.

That being said, *Lewis* also provides that any error in summarily denying a section 1170.95 petition is harmless unless the defendant can show ""it is reasonably probable that if [he or she] had been afforded assistance of counsel [and briefing] his [or her] petition would not have been summarily denied without an evidentiary hearing."' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

4

Defendant has not carried this burden because it is not reasonably probable that the outcome of this proceeding would have been any different, even if defendant had counsel and the opportunity for further briefing.  That is because the sole theory of liability presented to the jury by the instructions—and hence the sole theory of liability underlying the jury's guilty verdict—for defendant's second degree murder conviction is the provocative act doctrine.  Under that doctrine, a person is liable for murder if he "*maliciously* commits an act that is likely to result in death, and the [person's intended] victim kills [a third party] in reasonable response to that act." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655, italics added.)  Because "[a] murder conviction under the provocative act doctrine thus requires proof that the defendant personally harbored the mental state of [implied] malice" (*ibid.*; *People v. Gilbert* (1965) 63 Cal.2d 690, 704 ["malice" required under the doctrine is "conscious disregard for life"], judg. vacated on other grounds *sub nom. Gilbert v. California* (1967) 388 U.S. 263; *People v. Smith* (2005) 37 Cal.4th 733, 747 ["conscious disregard for life" is "implied malice"]), the jury's guilty verdict (in conjunction with the jury instructions) constitutes a finding that defendant personally acted with malice, and thus could "still be convicted" of murder after January 2019.  This is undoubtedly why every court to consider the issue has concluded that a trial court may deny a section 1170.95 petition for a murder conviction based on the provocative act doctrine without an evidentiary hearing. (*People v. Swanson* (2020) 57 Cal.App.5th 604, 612-616, review granted Feb. 17, 2021, S266262; *People v. Johnson* (2020) 57 Cal.App.5th 257, 266-268; *People v. Lee* (2020) 49 Cal.App.5th 254, 262-264, review granted July 15, 2020, S262459.)

Defendant responds with what boils down to three sets of arguments.

First, he argues the trial court was required to accept his allegations of being eligible for relief as incontrovertible and was prohibited from reviewing the record of conviction to determine eligibility for relief at the prima facie stage. While *Lewis* accepted this argument, *Lewis* also ruled that it was appropriate to consider the record of conviction in evaluating prejudice (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974) and, as noted above, the record of conviction unequivocally demonstrates that defendant is not eligible for relief under section 1170.95 as a matter of law.

Second, defendant argues that the cases holding that persons convicted of murder under a provocative act theory are ineligible as a matter of law under section 1170.95 are wrong. Those cases specifically consider and reject each of the arguments defendant makes here, and we conclude that their analysis is sound. What is more, the analysis in these cases is firmly grounded in our Supreme Court's precedent.

Lastly, defendant argues that the trial court made a number of other errors—namely, (1) making factual findings that defendant was a major participant who acted with reckless indifference to the value of human life, and making such findings is impermissible at the prima face stage (e.g., *People v. Drayton* (2020) 47 Cal.App.5th 965, 982), (2) relying on its own "vivid recollection" of the trial to make those factual findings, and (3) incorrectly making the factual finding that defendant had acted with premeditation when the jury specifically found no premeditation. We need not examine these errors because they are wholly independent of the rationale we rely upon to affirm the trial court's ruling and because our task is to review the

court's ruling, not its rationale (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12).

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

7